# UNITED STATES BANKRUPTCY COURT
## Northern District of Florida
### Pensacola Division

| | |
|---|---|
| **IN RE: JOSEPH PAUL DOUGHERTY,**<br><br>Debtor | **Bankruptcy Case No. 19-30459-KKS**<br><br>Chapter: 7<br>Judge: Karen K. Specie |
| **JOSEPH PAUL DOUGHERTY,**<br><br>Plaintiff,<br><br>VS.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | **Adversary Case No. _____** |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF TAX DEBT AND OF EXTENT AND AMOUNT OF TAX LIEN ON PERSONAL PROPERTY**

PLAINTIFF, **JOSEPH PAUL DOUGHERTY**, sues Defendant, United States of America, (i) for a determination, pursuant to §§ 523(a)(1) and (7) and § 507(a)(8) of the Bankruptcy Code, of the dischargeability of certain tax debts, and (ii) for a determination pursuant to Fed.R.Bankr.P. 7001(2) of the extent and amount of an asserted tax lien on personal property, and in support thereof alleges the following:

1. This is a complaint for determination of the dischargeability of tax debts, including penalties, owed by Plaintiff to Defendant, the United States of America, for the calendar years 2010, 2013 and 2014, and for a determination of the extent and amount of an asserted tax lien against the Debtor's personal property.

2. The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

1

3. Venue is proper in this district and in this division of this district pursuant to 28 U.S.C. § 1409 and by the Local Rules of this Court.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (K).

5. Plaintiff is the debtor in the main Chapter 7 case of which this adversary proceeding now forms a part.

6. The voluntary petition in the Chapter 7 case (the "Chapter 7 Petition") was filed on April 18, 2019.

7. In his Schedule F filed in the main bankruptcy case, Plaintiff listed debts owed to the Internal Revenue Service of the United States of America (the "IRS") for the tax years of 2010, 2013 and 2014.

## COUNT I – DETERMINATION OF DISCHARGEABILITY OF TAXES
## 2010 Taxes

8. The facts set forth in paragraphs 1-7 are re-alleged and incorporated, herein, by reference.

9. The Debtor scheduled an obligation in the amount of $5,192.63 for the 2010 tax year.

10. The Account Transcript (dated May 2, 2019) for Debtor's 2010 tax year, as published by the IRS (hereinafter "2010 Account Transcript"), shows total "Account Balance Plus Accruals" as $5,192.63. A true and correct copy of the 2010 Account Transcript published by the IRS is attached, hereto, as Exhibit "A."

11. The Debtor's tax return was due on or before October 15, 2011, a date more than three years prior to the filing of the Debtor's Chapter 7 Petition.

12. The 2010 Account Transcript further shows that the Debtor's tax return for 2010 was filed on or before October 17, 2011 a date more than two years prior to the filing of Debtor's Chapter 7 petition.

13. The 2010 Account Transcript further shows that on November 21, 2011, a date more than 240 days prior to the filing of the Debtor's Chapter 7 Petition, the IRS assessed tax due in the amount of $18,335.00.

14. The 2010 Account Transcript shows the further imposition of interest in the amount of $1,143.03 and penalties in the amount of $1,070.44 and the application of payments totaling $15,526.94 as of the date of the attached 2010 Account Transcript.

15. Additional interest and penalties may have accrued since the date of the 2010 Account Transcript.

### COUNT II – DETERMINATION OF DISCHARGEABILITY OF TAXES
### 2013 Taxes

16. The facts set forth in paragraphs 1-7 are re-alleged and incorporated, herein, by reference.

17. The Debtor scheduled an obligation in the amount of $82,335.22 for the 2013 tax year.

18. The Account Transcript (dated May 2, 2019) for Debtor's 2013 tax year, as published by the IRS (hereinafter "2013 Account Transcript"), shows total "Account Balance Plus Accruals" as $82,335.22. A true and correct copy of the 2013 Account Transcript published by the IRS is attached, hereto, as Exhibit "B."

19. The Debtor's tax return was due on or before October 15, 2014, a date more than three years prior to the filing of the Debtor's Chapter 7 Petition.

3

20. The 2013 Account Transcript further shows that the Debtor's tax return for 2013 was filed on or before February 17, 2015 a date more than two years prior to the filing of Debtor's Chapter 7 petition.

21. The 2013 Account Transcript further shows that on March 9, 2015, a date more than 240 days prior to the filing of the Debtor's Chapter 7 Petition, the IRS assessed tax due in the amount of $46,985.00.

22. The 2013 Account Transcript shows the further imposition of interest in the amount of $10,616.09 and penalties in the amount of $22,317.86 as of the date of the attached 2013 Account Transcript.

23. Additional interest and penalties may have accrued since the date of the 2013 Account Transcript.

## COUNT III – DETERMINATION OF DISCHARGEABILITY OF TAXES
## 2014 Taxes

24. The facts set forth in paragraphs 1-7 are re-alleged and incorporated, herein, by reference.

25. The Debtor scheduled an obligation in the amount of $31,806.62 for the 2014 tax year.

26. The Account Transcript (dated May 2, 2019) for Debtor's 2014 tax year, as published by the IRS (hereinafter "2014 Account Transcript"), shows total "Account Balance Plus Accruals" as $31,806.62.  A true and correct copy of the 2014 Account Transcript published by the IRS is attached, hereto, as Exhibit "C."

27. The Debtor's tax return was due on or before October 15, 2015, a date more than three years prior to the filing of the Debtor's Chapter 7 Petition.

4

28. The 2014 Account Transcript further shows that the Debtor's tax return for 2014 was filed on or before October 15, 2015 a date more than two years prior to the filing of Debtor's Chapter 7 petition.

29. The 2014 Account Transcript further shows that on November 23, 2015, a date more than 240 days prior to the filing of the Debtor's Chapter 7 Petition, the IRS assessed tax due in the amount of $21,770.00.

30. The 2014 Account Transcript shows the further imposition of interest in the amount of $3,387.27 and penalties in the amount of $5,703.78 as of the date of the 2014 Account Transcript.

31. Additional interest and penalties may have accrued since the date of the 2014 Account Transcript.

### COUNT IV – DETERMINATION OF EXTENT AND AMOUNT OF TAX LIENS ON REAL AND PERSONAL PROPERTY

32. The facts set forth in paragraphs 1 – 7, 9-15, 17-23 and 25-31 are re-alleged and incorporated, herein, by reference.

33. The IRS has filed tax liens against the Debtor for each of the years specified herein, thereby creating liens on the Debtor's real and personal property.

34. The Debtor seeks a determination of the extent and amount of such tax liens as to the Debtor's real and personal property.

**WHEREFORE**, Plaintiff requests a **JUDGMENT** in his favor and against Defendant (i) determining that all of Plaintiff's tax debt, interest and penalties for the tax years of 2010, 2013 and 2014 owed to the United States are **DISCHARGEABLE** in bankruptcy, (ii) determining the extent and amount of tax liens on the Debtor's real and personal property, (iii) determining that the tax liens be deemed *in rem* only on the Debtor's pre-petition property, (iv) setting forth that any tax liens shall not

attach to any post-petition property or to any post-petition appreciation in the value of the real or personal property, and (v) for such other and further relief as the Court shall deem just and proper.

Respectfully submitted this
8th day of August, 2019

ZALKIN REVELL, PLLC

*/s/ Natasha Z. Revell*
NATASHA REVELL
Florida Bar No. 83887
TERESA M. DORR
Florida Bar No. 48037
ZALKIN REVELL, PLLC
2441 US Highway 98W, Ste. 109
Santa Rosa Beach, FL 32459
(850) 267-2111 (Tel)
(866) 560-7111 (Fax)
nrevell@zalkinrevell.com

PLEASE ISSUE SUMMONS:

United States of America
through the United States Attorney
950 Pennsylvania Avenue, NW, Room 2242
Washington, D.C. 20530-0001